## In re SYKES.

(District Court, W. D. Tennessee. March 1, 1901.)

1. BANKRUPTCY- PETITIONS- FILING.
   All petitions in bankruptcy proceedings should be filed with the clerk, and not sent directly to the judge.
2. SAME—NOTICE.
   A petition by a bankrupt asking a special reference to the referee, requiring him to take proof and report whether or not he is entitled to be discharged, will not be considered until trustee or creditors have notice of petition.

This petition of the bankrupt states that he finds his application for discharge "obstructed" by the fact, as he supposes, that within four months before he filed his petition in bankruptcy he had executed a mortgage to secure to the Second National Bank notes due to it. The trustee commenced proceedings to vacate the mortgage in the courts of the state, where the demurrer of the bank has been overruled, but no further proceedings have been had. The bankrupt now asks that a special reference be made to the referee in bankruptcy, requiring him to take proof and report whether or not he is entitled to his discharge.

HAMMOND, J. This petition comes to me by mail, without more than its inclosure in the envelope. The practice of so sending papers in these bankruptcy cases is increasing, and the court must protest against it as an improper practice. All such petitions should be filed with the clerk, where proper attention will be given as to security for costs, issuance of process, or notice, and the subsequent filing of the answer or other pleadings, and the like. Properly, the court has no duty during this course of proceeding, except to hear when brought to

its attention in the regular order of practice, and to determine any dispute concerning the procedure or contested matter arising for decision. Otherwise, the judge has no concern with the case. A practice of sending papers directly to him in this way imposes, in effect, the position of legal adviser to the parties, which properly he should not occupy. He cannot determine or advise the steps to be taken with the paper, or give direction to those steps, without embarrassment; and it is the duty of counsel, and not the court, to superintend the procedure. All communication by correspondence or otherwise should be with the clerk, until the matter is ripe for the attention of the judge.

On the face of this petition there is indicated a claim by the trustee that the bankrupt is not entitled to his discharge, but there does not appear to be a necessity for any especial report from the referee. It does not appear that the trustee or any creditor has raised an objection to the discharge, or filed any specification in opposition thereto, as required by the practice of the court. Nothing appears on that subject in this petition, and the court cannot undertake to look up the papers, or examine the records, to inform itself of the condition of the case in respect of this. Again, the trustee or creditors have had no notice of this petition, and it should not be considered by the court until they have been notified and had an opportunity to be heard. These facts are mentioned here only to show the impossibility of having such proceedings heard by sending a paper to the judge by mail. The clerk will file the petition, and notify counsel and the trustee of this action of the court.